(No. 78-CC-2183–)

FILOMENA ABASOLO *et al.*, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 15, 1981.*

DESPRES, SCHWARZ & GEOGHEGAN (THOMAS H. GEO-GHEGAN, of counsel), for Claimants.

TYRONE C. FAHNER, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

The claim herein was filed as a class action lawsuit against the State of Illinois on December 14, 1978. The class consists of two hundred fifty-five (255) nurses who were employed by the Department of Mental Health and Developmental Disabilities (DMH/DD) between November 1 and December 21, 1976. The dispute arose out of the effective date for the implementation of the

substantive provisions of a collective bargaining agreement relating to salary benefits.

DMH/DD had contended that the provisions became effective when it signed the agreement on December 22, 1976. The union which represented the employees covered by the agreement contended that the effective date was governed by the terms of the contract which read as follows:

"The provisions of this agreement shall become effective on November 1, 1976 and shall continue in effect subject to the provisions here."

The matter was ultimately submitted to an arbitrator who decided that the November 1, 1976, date was controlling. Because the decision of the arbitrator was made after the end of FY 77, the covered employees who were affected by the salary provisions could not be paid by DMH/DD since the funds had lapsed. The employees involved then filed this claim for the salary benefits granted by the contract between November 1, and December 21, 1976.

This case had previously been decided by this Court on April 20, 1981. In that opinion, the Court certified the class and granted an award. Pursuant to the stipulation of the parties filed November 7, 1980, the award fund was distributed to those class members who were indicated eligible for payment by a listing prepared by DMH/DD and attached to the stipulation. Because the class members had agreed to withdraw their claims for some of the salary benefits contained in the contract, some of the class members were not eligible for any payment and this Court made no award to them.

On May 19, 1981, within the time allowed by law, the parties filed a joint motion to vacate citing two reasons for the vacation. First, not all of the class

members affected had been listed on the attachment filed in the November 7, 1980, stipulation. Second, the class members had agreed among themselves to a *pro rata* distribution of any award made by this Court.

The parties have since filed another joint stipulation which includes all the class members and indicates the amounts of the *pro rata* distribution to each class member.

The issues before this Court are whether its prior opinion disposing of this matter should be vacated and, if so, whether the stipulation of the parties now before this Court should be approved.

It is first noted that the motion to vacate was timely filed. The first reasons for vacation regarding missing class members is important. The purpose of a class action lawsuit is to insure equal treatment to members of a defined class of persons who submit common questions of law and fact to a court which then determines the merits of the class claim. To exclude any member of a class because of unintentional oversight would defeat the common purpose in class action litigation.

The second reason for vacation involves the distribution of the award fund. Class action lawsuits are involved pieces of litigation. No other element of these kinds of cases is subject to more complexity than proof of damages. While a determination of liability may be readily made, the amount of liability can take much longer to determine. Where the parties in such litigation can arrive at a mutually agreeable amount of damages together with a method of distribution of that amount to the class members, it is the function of a court to approve or disapprove the parties' plan based on the fairness and reasonableness thereof.

The nature of the liability in a class action case is different from the usual situation involving individual parties. The liability of the defendant or defendants is to the class as a whole, not to any specific member of the class. This is the essence of class litigation. Where, as in the case herein, the liability and the amount of damage *to the class* is stipulated, the class as a whole should properly share in the amount of damages agreed to by the parties.

This is especially true where the stipulated amount of damages is less than the amount originally claimed by the class. In such a situation, a *pro rata* distribution assures a proportionate share of the amount recovered to each class member.

After due consideration of the request of the parties, this Court is willing to grant the vacation in order that relief may be given in accordance with the expressed intentions of the class members. Because the Court is now assured that all affected members of the class have been included and that the method of distribution is fair and reasonable, this Court orders as follows:

1. The Court's opinion of April 20, 1981, is hereby vacated.

2. The Court certifies this controversy as a class action, the class of which is composed of 255 nurses employed by DMH/DD between November 1, and December 21, 1976, who were eligible for certain salary benefits under a collective bargaining agreement known as RC-23.

3. Pursuant to the stipulation of the parties an award is entered on behalf of the aforesaid class in the amount. of $7,415.39 (seven thousand four hundred fifteen dollars and thirty nine cents) in full and complete satisfaction of any and all claims arising under the complaint herein.

4. The award fund so created shall be distributed to the class members as set forth on Attachment A affixed to this opinion after appropriate additions and deductions have been made to each distribution as required by State and Federal law.

5. The Court's order as entered this date is final and binding on all parties.

It is so ordered.

## ATTACHMENT A

### Distribution to Class Members of Award Fund

Total award claimed: $10,422.42

Total award fund: 7,415.39

Calculation of distribution multiplier (DM)

$$DM = \frac{\text{Total award fund}}{\text{Total award claimed}}$$

DM = 0.71

Calculation of pro rata share (PRS) of award Fund

PRS = Original amount claimed X DM

Amount of pro rata distribution: $ 7400.60

Balance remaining in fund: $ 14.79

Total members in class: 255

Distribution of balance of fund

| | |
|---|---|
| $0.06 to first 204 class members: | $12.24 |
| $0.05 to remainder: | 2.55 |
| Total balance | $14.79 |

Recapitulation of distribution of award fund

| | |
|---|---|
| Pro rata distribution: | $7400.60 |
| Fund balance distribution: | 14.79 |
| Total distribution: | $7415.39 |